UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

*************************************

| | |
|---|---|
| Debra Di Nola, | |
| Plaintiff | |
| v. | COMPLAINT |
| | Jury Trial Requested |
| Freudenberg-NOK General Partnership, | |
| Defendant | |

*************************************

NOW COMES the plaintiff Debra Di Nola, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

## I. Parties

1. The plaintiff Debra DiNola resides at 202 Front Street, Apt. A, Exeter, New Hampshire. Dr. Di Nola is a former employee of the defendant.

2. The defendant Freudenberg-NOK General Partnership is a Delaware partnership with a principal place of business located at 47690 E. Anchor Court, Plymouth, Michigan.

## II. Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the plaintiff and the defendant are citizens of different States and the amount in controversy is greater than $75,000.00.

4. Venue is proper because a substantial part of the acts and omissions giving rise to this action occurred within this judicial district.

1

## III. Facts

5. Dr. Di Nola commenced employment with the defendant as a Senior HR Generalist in or around June of 2014.

6. The defendant recognized Dr. Di Nola for performing her responsibilities well and with integrity. "Debra is an engaged, reliable associate who provides significant contributions to the HR organization," one of Dr. Di Nola's supervisors wrote. "She has a positive, can-do attitude and cooperative approach to the role." "Debra demonstrates a high standard of personal ownership and integrity relative to her role and responsibilities as a Sr. HR Generalist and Freudenberg-NOK associate," the supervisor added.

7. The defendant promoted Dr. Di Nola to the position of Human Resources Manager at the defendant's Northfield, New Hampshire, Manufacturing Technology Center effective October 1, 2017. Dr. Di Nola excelled in this position as well, receiving a Special Bonus Award for her "outstanding and consistent effort" on or about November 19, 2018.

8. The defendant promoted Dr. Di Nola again effective September 1, 2019, to the position of Human Resources Manager for the company's Manchester, New Hampshire, facility at an annual salary of $90,000.00.

9. On or about January 29, 2020, two (2) of the defendant's managers, Michael Schmid and Jim Grady, contacted Dr. Di Nola to advise her that two (2) employees, Chris Chin and Dexter Yan, were returning from Malaysia and China, respectively. Mr. Schmid and Mr. Grady sought guidance from Dr. Di Nola regarding whether the employees should return to work.

10. Dr. Di Nola consulted with her subordinate, HR Generalist Tina Ward, regarding the concern. Dr. Di Nola had Ms. Ward seek guidance from the Bedford Occupational Acute

Care facility (BOAC), where Ms. Ward had contacts. BOAC recommended that the defendant consult with the New Hampshire Department of Health and Human Services (DHHS) and/or the CDC. Ms. Ward called one or both of the agencies. Meanwhile, Dr. Di Nola sought information from the DHHS website.

11. Dr. Di Nola sent an e-mail on January 29, 2020, at 5:21:57 p.m. to her supervisor, Vice President Al Nadeau, and other Freudenberg employees advising about a Freudenberg corporate communication pertaining to COVID-19, and also conveying information that she had obtained from DHHS and the CDC regarding COVID-19 and recommendations for employees. Exhibit A.

12. Pursuant to the recommendations of the CDC and DHHS, Dr. Di Nola decided to require Mr. Chin and Mr. Yan to stay home for a period of one (1) week, rather than risk infecting other employees.

13. On or about February 11, 2020, Dr. Di Nola was summoned to a meeting with Vice President Nadeau and Vice President of Human Resources Stefan Politis. Vice President Nadeau advised Dr. Di Nola at the meeting that he could not work with her and did not trust her. Vice President Nadeau accused Dr. Di Nola of exaggerating "the China virus." Vice President of Human Resources Politis directed Dr. Di Nola to go home.

14. The defendant fired Dr. Di Nola on February 17, 2020. Vice President Nadeau humiliated Dr. Di Nola as he carried out the firing. He walked her out the main entrance of the defendant's offices in the 8:00 a.m. hour as employees arrived for work, with boxes of her personal belongings in tow.

## COUNT I

## (Wrongful Discharge)

15. The allegations of the preceding paragraphs are incorporated herein by reference.

16. The defendant fired Dr. Di Nola with bad faith and malice, as exhibited by the fact that the defendant fired her abruptly without giving her prior notice that her employment was in jeopardy, and as exhibited by the fact that Vice President Nadeau needlessly humiliated Dr. DiNola by escorting her out the main office door as employees entered for the start of the workday.

17. The defendant further fired Dr. Di Nola in retaliation against her for communicating to employees information obtained from DHHS and the CDC regarding COVID-19, for advocating adherence to DHHS and CDC recommendations, and for directing employees returning from China and Malaysia to stay home.

18. The defendant fired Dr. Di Nola for performing acts that public policy would encourage. Public policy encouraged Dr. Di Nola to educate the defendant regarding COVID-19, to advocate adherence to DHHS and CDC recommendations, and to take action to protect employees from infection by insisting that employees returning from China and Malaysia stay home.

19. As a direct and proximate result of the defendant's wrongful discharge of Dr. Di Nola, Dr. Di Nola has suffered and continues to suffer damages, including but not limited to lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience and loss of enjoyment of life, plus interest and costs.

20. Dr. Di Nola is further entitled to enhanced compensatory damages based on the wanton, malicious and oppressive conduct of the defendant in firing her.

WHEREFORE, the plaintiff Debra Di Nola respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Find the defendant liable for wrongful discharge;

C. Award the plaintiff damages for lost wages, lost earning capacity and lost employment benefits;

D. Award the plaintiff damages for emotional distress, humiliation, inconvenience and loss of enjoyment of life;

E. Award the plaintiff enhanced compensatory damages;

F. Award the plaintiff interest and costs; and

G. Grant such other and further relief as is just and equitable.

Respectfully submitted,

DEBRA M. DI NOLA
By her attorneys,
DOUGLAS, LEONARD & GARVEY, P.C.

Dated: June 24, 2020   By: /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
benjamin@nhlawoffice.com